IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NVISION BIOMEDICAL TECHNOLOGIES, LLC § § § Plaintiff, § § v. § § JALEX MEDICAL, LLC § § Defendant. § | 5:15-CV-0284-RP |

## ORDER

Before the Court are Defendant Jalex Medical, LLC's Motion to Dismiss for *Forum Non Conveniens* or Alternatively, to Transfer Pursuant to 28 U.S.C. § 1404(a), filed April 22, 2015 (Dkt. #2); Plaintiff Nvision Biomedical Technologies, LLC's Response to Defendant's Motion, filed May 6, 2015 (Dkt. #4); Defendant's Reply to Plaintiff's Response, filed May 20, 2015 (Dkt. #9); and Plaintiff's Sur-Reply to Defendant's Reply, filed May 26, 2015 (Dkt. #11). After considering the parties' filings, the relevant case law, and the entire record in this action, the Court finds that Defendant's motion should be denied.

## BACKGROUND

Nvision Biomedical Technologies, LLC ("Nvision") is a Texas company that develops various biomedical devices. In July of 2013, Nvision entered into a Development Services Agreement ("DSA") with Jalex Medical, LLC ("Jalex") "for the purpose of engaging Jalex's design and specification development and regulatory services related to Nvision's Class II biomedical products." (Am. Pet., at 2). The parties intended the terms and conditions of the DSA to govern Jalex's assistance in developing a number of different biomedical devices. (Notice of Removal, at 76). The DSA also stated that Nvision would only be charged for Jalex's actual costs and incurred labor amounts. (*Id.* at 84).

1

The initial draft of the DSA contained a forum-selection clause that called for any litigation stemming from the agreement to be brought in Ohio state or federal courts. (Pl.'s Resp., at 19-20). Before the DSA was signed, however, Nvision negotiated to have the venue provision changed to Texas. (Pl.'s Resp., at 18-20). The forum-selection clause included in the final version of the DSA states:

> Applicable Law: Venue. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas (regardless of the laws that might be applicable under principles of conflicts of law). The parties hereby consent to the exclusive jurisdiction of the courts of the State of Texas in Bexar County and the federal courts for such jurisdiction and waive any contention that any such court is an improper venue for enforcement of this Agreement.

(Notice of Removal, at 73). But the DSA also explicitly stated that it could be "amended or modified . . . by writing executed by the parties." (*Id.*).

Over the course of the next year, the parties executed three additional product-specific contracts.[1] Like in the DSA, these contracts stated that Nvision would "only be charged for actual time." (Def.'s Mot., at 20). Each of these product-specific contracts, however, contained their own standard terms and conditions—including their own forum-selection clauses. (*Id.* at 24). The forum-selection clauses for each of the product-specific contracts state:

> This agreement shall be governed by and construed in accordance with the laws of the State of Ohio (regardless of the laws that might be applicable under principles of conflicts of laws) as to all matters, including but not limited to, matters of validity, construction, effect, and performance. The parties hereby irrevocably consent to the exclusive jurisdiction of the courts of the State of Ohio in Lorain County, and the United States District Court for the Northern District of Ohio, Eastern Division, and waive any contention that any such court is an improper venue for enforceability of this Contract.

(*Id.*).

---

[1] Nvision claims that one of these product-specific contracts was forged. However, since this motion can be decided without addressing the forgery issue, the Court will assume for the purpose of this motion that all the contracts were properly signed.

In early 2015, Nvision claims that they discovered that Jalex had been adding a surcharge of up to 25% on their third party purchase orders, violating the provisions in the DSA and the product-specific contracts that state that Nvision will only be charged for Jalex's "actual costs." (Am. Pet., at 3-4). Upon this discovery, Nvision terminated its contracts with Jalex, and brought suit against them in the District Court for the 408th Judicial District, Bexar County, Texas, alleging fraud, breach of contract, and tortious interference with prospective business relationships. (*Id.* at 5-7). Although Nvision relies on some of the language found in the product-specific contracts to develop its case, Nvision only claims that Jalex's actions breached the DSA, which Nvision characterizes as "the Master Agreement." (*Id.* at 6).

Jalex has since removed the case to federal court pursuant to 28 U.S.C. § 1441(b), and now moves for this Court to dismiss the lawsuit for *forum non conveniens*, or alternatively, to transfer the case to the Northern District of Ohio under 28 U.S.C. §1404(a).

## DISCUSSION

The Supreme Court recently held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 124 S.Ct. 568, 580 (2013). The Court also held, however, that unlike traditional *forum non conveniens* analysis, the presence of a valid forum-selection clause means that district courts should "not consider arguments about the parties' private interests," reasoning that the parties have already expressed their private interests through the clause. *Id.* at 582. Instead, "a district court may consider arguments about public interest factors only." *Id.* The Supreme Court also reaffirmed the principle that "forum-selection clauses should control except in unusual cases." *Id.*

What we have here, however, is an unusual case. There are multiple forum-selection clauses—one that points to Texas and others to Ohio—and all of the clauses appear to be valid

and enforceable.[2]  Additionally, since the DSA covered a broader range of products than the subsequent product-specific contracts, there is no clear indication that the terms of the product-specific contracts were meant to fully supersede the terms of the DSA.  So although a forum-selection clause is likely to control in this case, the issue here is which forum-selection clause to enforce.

Finding no clear precedent for how to proceed in this situation, the Court concludes that it should be guided by the principle that the plaintiff is the master of his complaint.  *See Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1350 (2013)*; see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("[I]n the typical diversity case, the plaintiff remains the master of his complaint.").  Although Nvision discusses the terms included in the product-specific contracts in its Amended Petition, it only claims that Jalex actually breached the DSA.  Moreover, Nvision's claims for fraud and tortious interference with prospective business relationships involve the relationship between the parties in general, implicating the overarching DSA rather than the narrow product-specific contracts.

Thus, the Court construes this lawsuit to fall under the purview of the DSA forum-selection clause.  And since Jalex has failed to persuade the Court that there are public interest factors that strongly weigh against litigating this case in Texas state or federal courts,[3] Jalex's Motion to Dismiss for *Forum Non Conveniens* is denied.

---

[2]   It is well settled that a forum-selection clause is considered "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (internal quotation marks omitted)). To show that a forum-selection clause is unreasonable, a plaintiff must prove: (1) that the incorporation of the clause was a product of fraud or overreaching, (2) that the party seeking to escape enforcement will for all practical purposes be deprived his day in court due to the inconvenience of the forum, (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy, or (4) enforcement of the clause would contravene a strong public policy of the forum state. *Id.* Although the parties both argue that they would be unfairly inconvenienced by litigating the case outside of their preferred forum, neither party has persuaded the Court that enforcement of the forum-selection clauses contained in the DSA or product-specific contracts would be "unreasonable under the circumstances." *Id.*

[3]   Public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will

In the alternative, Jalex moves to transfer this case to the Northern District of Ohio under 28 U.S.C. §1404(a).[4] This section, however, "is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Atlantic Marine*, 124 S.Ct. at 580. Therefore, for the reasons identified above, Defendant's motion to transfer under 28 U.S.C. §1404(a) is also denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Jalex Medical, LLC's Motion to Dismiss for *Forum Non Conveniens* or Alternatively, to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. #2) is **DENIED**.

**SIGNED** on May 29, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE

---

govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

[4] 28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."